Newark Circuit Court

## UNITED STATES DISTRICT COURT
## DISTRICK OF NEW JERSEY

Civil Action No._____

Title of Action: 6th Amendment and Professional Malpractice Neglect-personal injury

Kendra Brown

    Pla.
    Vs.
Laura Bryant

### PARTIES
Kendra Brown P.O. Box 5878, New Brunswick, NJ 08903
    Laura Bryant
State of New Jersey Office of the Attorney General 25 Market St. P.O. Box 116 Trenton, NJ 08625.

### JURIDICTION
Violated of my rights as a U.S. Citizen. 6th and 14th Amendment rights.
### CAUSE OF ACTION
Withheld information from Client and withheld information from the Judge that was viable to the Plaintiff's case.

### DEMAN
I want the court to rule in my favor and sue for $300,000.00 for each defendant listed and collect the amount requested.

*Kendra Brown*

(U.S. DISTRICT COURT stamp: 2011 MAY 25 A 10:47)

```
Kendra Brown Pro Se                        U.S. DISTRICT COURT
P.O. Box 5878
New Brunswick, NJ 08903                    2011 MAY 25  A 10: 47
(848) 391-8946


Newark clerks U.S. Courthouse


Kendra Brown,                   )  Case No.: [Case number]
                                )
            Plaintiff,          )  Violation of 6th Amendment
                                )  Professional Malpractice Neglect
    vs.                         )
                                )
Laura Bryant,                   )
                                )
            Defendant           )
_____)
```

Plaintiff has filed a law suit in Federal court for violation of 6th Amendment rights, and professional malpractice/neglect were violated by purposely not representing the Plaintiff in "good faith" during a "fact finding" trial in Middlesex County Superior Courthouse. The violation is as follows:

The Defendant committed Legal Malpractice, Professional negligence by NOT notifying the Judge, that the trial should NOT go forward, but ask for a continuance at another time because the Plaintiff's career with children were at risk.

The Defendants excuse is she assumed that the Plaintiff. Kendra Brown knew what it meant because she worked for Middlesex County Superior Court in the Criminal Division in the past before she became a Corrections Officer. The Plaintiff thought a FACT FINDING meant PROBABLE CAUSE HEARING (which *the Plaintiff learned is a term not used in Children in court cases).*

Defendant Laura Bryant committed Professional Negligence the outcome of the decision of "Guilty" by Judge Cantor, would not have been an aggravating factor. If all of the evidence/parties involved were allowed to testify. The aggravating factors of Defendant Laura Bryant, for her lack of ethics when the Defendant has a legal obligation to the Plaintiff Kendra Brown and exercise the highest duty the law imposes. Defendant Laura Bryant and the fact that she neglected the, Plaintiff Kendra Brown has suffered emotionally, financially, and her reputation has been unjustly injured.

Defendant Laura Bryant represented the Plaintiff, In "Bad Faith". The Plaintiff had major surgery on her abdomen which resulted in a 22 inch wound. The prosecution/investigator Dody Bullerman of the Division of Youth and Family signed affidavits that the Plaintiff Kendra Brown was on vacation when in fact the Plaintiff Kendra Brown had surgery for medical reasons. However, it is unclear to me how one can be punished for being comatose and injected with narcotics for pain. This is not the case of ambiguity yet the Defendant did not dispute what the prosecution/ or investigator Dody Bullerman swore too although it was a fabricated story.

Nevertheless, Def. Laura Bryant continued the trial on July 23, 2009, and the Plaintiff was found unfortunately "guilty." Defendant Laura Bryant had an opportunity to file a motion for reconsideration stating the fact that she knew undoubtedly and absolute the Plaintiff did not know she was in trial and request reconsideration.

Once again the Defendant had another opportunity to file a motion for reconsideration based on the fact that the Psychiatrist Vivian Chern Shnaidman, M.D. appointed by the Division of Youth and Family Services FORMULATION AND RECOMMENDATION: Kendra Brown made child care arrangements with someone who turned out to be unreliable. Such a betrayal by a childcare worker is hardly unique. In Ms. Brown's case, it appears that the Division became overly concerned with Ms. Brown because she referred to the missing babysitter as "Linda", rather: Michele". Again, as the Division did not provide me with those primary documents I do not know if this was the reason for the excessive concern. However, based upon Ms. Brown's self-report, she experienced fairly typical post-surgical and post-anesthesia delirium following the administration of general anesthesia, strong narcotic pain medications, and an airline flight at $35,000 + feet. Therefore, confusion is expected under these conditions and psychosis would not be unusual. In fact, the only study I could find about psychiatric consultations in general hospitals indicated that the most common requests for psychiatric consultation come from the plastic surgery and rehabilitation departments. (see attached)The Defendant failed to make sure that the Plaintiff's children had due process because the Biological child Brandon Brown (14) should have had separate law guardian from his adopted (from DYFS) sister Jessica Brown due to Conflict of Interest prior to a trial. Again the Defendant did not see this as an issue until

approximately 4 months after the "Guilty verdict". If the Defendant had not neglected her duties the law guardian for Brandon Brown would have allowed the Plaintiff to stay in the house, and recuperate from the major surgery as long as the older child Phillip Brown of (Plaintiff Kendra Brown, mother of Phillip Brown) was the main Guardian whom was appointed by DYFS, the justice he deserved.

Defendant failed to obtain complete discovery, as to the children's physicals when the DYFS took the children, for an emergency physical to check for abuse or neglect, the Defendant never raised the issue towards the DYFS to prove imminent danger or the arrest.

The children were examined by a DYFS appointed therapists proved that the Plaintiff Kendra Brown did not commit neglect and abuse or imminent danger is not the case she did not file a motion for reconsideration. The Def. Laura Bryant has no remorse for neglect she committed towards the Plaintiff Kendra Brown.

If Judge Cantor had witnessed the Plaintiff's cell phone bill which reflects conversation with the babysitter, children, her oldest son, his girlfriend, her mother and Plaintiff's father and her boyfriend, along with her cousin who took her to the airport who had the keys for Michelle to get into the house; in case the teenagers tried to be typical teens and not let her in; to be able to have access into the house to let them know she was okay, and the Principal of Highland Park Middle School who never gave the guidance counselor authorization to call the DYFS because he knew what kind of parent the Plaintiff is and therefore, he figured that it was some sort of mis-communication and he had infact told the guidance counselor to keep calling or call the emergency contact listed for the children; but the guidance counselor made her own rules and called the DYFS, the Principal Mr. Horowitz was a key witness in the Plaintiff's parenting of her children. Judge Cantor rules by law not by personal opinion, because the Defendant Laura Bryant committed a malicious act of Legal Malpractice Professional neglect; the judge went by the preponderance of the evidence that was before her, and entered a judgment of "Guilty" In addition to the above neglect the Def. Laura Bryant committed, the Plaintiff never received a Dodd from DYFS until January 25, 2011. THE PLAINTIFF IS SEEKING PUNITIVE DAMAGES FOR INJURY OF REPRUTAION THE FACT THAT BECAUSE OF THE DFENDANTS NEGLECT THE PLAINTIFF IS ON A

REGISTERY AS THO SHE IS A PEDIAFILE ANOTHER OTHER ATTORNEY WOULD NOT HAVE HAD THE SAME OUTCOME OF "GUILTY" BEYOND A RESAONALBE DOUBT, WHEN THE PHONE BILLS WOULD HAVE CLEARLY PROVEN THE CONTACT THE PLAINTIFF HAD WITH EVERYONE, THE PLAINTIFF IS SHOULD NOT HAVE BEEN MADE FOUND "GUILTY" IF THE JUDGE KNEW ALL OF THE FACTS AND ONCE THIS WAS BROUGHT TO THE ATTENTION OF THE ATTORNEY LAUAR BRYANT IT BECAME MOOT AND SHE FELT IT WAS NOT NECESSARY AND IGNORED THE FACT THAT THE PLAINTIFF CAN NOT WORK WITH TROUBLED CHILDREN AGAIN DUE TO HER NEGLEGENCE.

**Relief sought**: $300,000.00

Dated this 5/21/2011

Kendra Brown Pro Se

2011 MAY 25 A 10: 47
U.S. DISTRICT COURT