**NOT FOR PUBLICATION**

```
                   UNITED STATES DISTRICT COURT
                      DISTRICT OF NEW JERSEY
                                     :
KENDRA BROWN,                        :   CIVIL ACTION NO. 11-3124 (MLC)
                                     :
     Plaintiff,                      :        O P I N I O N
                                     :
     v.                              :
                                     :
LAURA BRYANT,                        :
                                     :
     Defendant.                      :
_____:
```

**THE PLAINTIFF**, who is pro se, applies for in-forma-pauperis relief under 28 U.S.C. § ("Section") 1915 ("Application"). (Dkt. entry no. 1, Appl.) This Court, based upon the plaintiff's financial situation, will (1) grant the Application, and (2) deem the Complaint to be filed. The Court may now (1) review the Complaint, and (2) dismiss it sua sponte if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B). The Court will dismiss the Complaint, as it (1) fails to state a claim on which relief may be granted, and (2) seeks monetary relief against a defendant who is immune from such relief.

**THE DEFENDANT** is an attorney with the New Jersey Office of Parental Representation ("NJOPR"), which is a unit of the New Jersey Office of the Public Defender ("NJOPD"). The plaintiff brings this action ("Federal Action") pursuant to 42 U.S.C. § 1983, alleging that the defendant violated her rights while representing

her in a state proceeding ("State Proceeding") brought by the New Jersey Division of Youth and Family Services ("NJDYFS"). (See dkt. entry no. 1, Compl.)  The Court is able to discern that (1) the plaintiff was found in the State Proceeding to have neglected her children, and (2) a judgment was entered therein. (See id. at 3 (arguing plaintiff "did not commit neglect and abuse or imminent danger [sic]"); see also id. at 1 (stating "outcome" was "decision of 'Guilty' by Judge Cantor"); id. at 2 (stating there was "trial", and "Plaintiff was found unfortunately 'guilty'"); id. at 3 (referring to "Guilty verdict" in State Proceeding).) The plaintiff alleges that the negative outcome in the State Proceeding resulted from the defendant's conduct.[1]

**THE PLAINTIFF** is attempting to avoid an order in the State Proceeding.  The proper way to do so is to seek review through the state appellate process, and then seek certiorari directly to the United States Supreme Court.  See D.C. Ct. of Apps. v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fid. Tr. Co., 263 U.S. 413, 414-16 (1923).

**THE ROOKER-FELDMAN DOCTRINE** prohibits adjudication of an action where the relief requested would require a federal court to either determine whether a state court's decision is wrong or

---

[1] The plaintiff also has brought an action to recover damages for violations of her constitutional rights against the NJDYFS employees involved with the State Proceeding.  See Brown v. Meskin, No. 11-3125 (D.N.J.).

2

void that decision, and thus would prevent a state court from enforcing its orders. See McAllister v. Allegheny Cnty. Fam. Div., 128 Fed.Appx. 901, 902 (3d Cir. 2005). This Court cannot directly or indirectly review, negate, void, or provide relief that would invalidate a decision in the State Proceeding. See Gass v. DYFS Workers, 371 Fed.Appx. 315, 315-16 (3d Cir. 2010) (affirming judgment dismissing claim asserted against, among others, public defender representing plaintiff in parental-rights-termination proceeding brought by NJDYFS, as barred by Rooker-Feldman doctrine).

**THIS COURT** also must abstain from exercising jurisdiction, pursuant to the Younger abstention doctrine, when (1) a state court action is ongoing, (2) important state interests are implicated, and (3) there is an adequate opportunity to raise federal claims in state court. See Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 435 (1982); Younger v. Harris, 401 U.S. 37, 43-54 (1971). This Federal Action is thus barred because the State Proceeding can be viewed as being "ongoing for purposes of Younger Abstention", as (1) Brown "could have appealed the termination of [her] parental rights first to the Appellate Division and then to the New Jersey Supreme Court", but "elected to forgo these appeals and instead file the instant federal claim", (2) the state has a substantial interest in parental rights proceedings, and (3) Brown had an opportunity to

raise constitutional claims in the State Proceeding.  McDaniels v. N.J. Div. of Youth & Fam. Servs., 144 Fed.Appx. 213, 214-16 (3d Cir. 2005) (affirming judgment dismissing claim of constitutional violations committed in parental-rights-termination proceeding).

**THE DEFENDANT,** who represented the Plaintiff in the State Proceeding in her capacity as an attorney with the NJOPR, which is a unit of the NJOPD, is also immune from liability.  See Polk County v. Dodson, 454 U.S. 312, 325 (1981) (stating public defender is not state actor for purposes of 42 U.S.C. § 1983, and thus is immune from liability); Santos v. New Jersey, 393 Fed.Appx. 893, 895 (3d Cir. 2010) (same).

**THE COURT** will dismiss the Complaint for the aforementioned reasons.  The Court will issue an appropriate order and judgment.

                                                   s/ Mary L. Cooper  
                                                   **MARY L. COOPER**  
                                                   United States District Judge

Dated:    November 14, 2011